IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JACKSON<br><br>    Plaintiff,<br><br>v.<br><br>CBC INNOVIS, INC.<br>and<br>AMRENT, INC.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Eric Jackson is an adult individual who resides in Rochester New York.

5. Defendant CBC Innovis, Inc. ("CBC") is a credit reporting agency and a reseller of credit information that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 170 East Town Street, Columbus, OH 43210.

6. Defendant AmRent, Inc. ("AmRent") is a credit reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 875 Greentree Road, Pittsburgh, PA 15220.

**FACTUAL ALLEGATIONS**

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information") from at least July 2012 through present. The inaccurate information includes a felony criminal record, as well as inaccurate personal information.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's reputation and Plaintiff's responsibility as a tenant. The inaccurate information consists of a criminal record, which includes a second degree felony that does not belong to the Plaintiff, and that actually belongs to another individual. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another person with respect to the inaccurate criminal information and other personal identifying information.

9. CBC, in its capacity as a consumer reporting agency and a reseller of consumer information obtains consumer information secondarily from other consumer reporting agencies, including Defendant AmRent and one of the three major credit reporting agencies. The consumer information maintained for individual consumers by Defendant AmRent and the major credit reporting agency consists of criminal records and other public records information, account information and other personal identifying consumer information. Once CBC receives the requested consumer information, it assembles and merges the information into a CBC consumer report, which it then sells to third parties.

10. In July 2012, CBC requested and obtained consumer credit information about the Plaintiff from AmRent.

- 3 -

11. Prior to sale of its consumer report about Plaintiff, CBC did nothing to reconcile the inconsistent reporting of the personal information and public records that do not belong to the Plaintiff by the sources of consumer information.

12. Additionally, CBC did nothing to investigate the conflicting information received from the sources of consumer information.

13. Notwithstanding the inconsistent reporting of the inaccurate personal information and public records, CBC sold a consumer credit report about the Plaintiff that included the inaccurate information.

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's reputation and Plaintiff's responsibility as tenant.

15. AmRent has also been reporting the inaccurate information through the issuance of false and inaccurate criminal information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown. AmRent repeatedly published and disseminated consumer reports to such third parties from at least July 2012 through the present.

16. Plaintiff's consumer reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, in addition to potential landlords, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different offers and opportunities, known and unknown. Plaintiff's consumer reports have been obtained from Defendants by such third parties from at least July 2012 through the present.

17. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of residential rental denial or loss of a residential rental opportunity, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

<u>**COUNT ONE - VIOLATIONS OF THE FCRA**</u>
**(Plaintiff v. Defendants)**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, AmRent was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

22. At all times pertinent hereto, CBC was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, CBC and AmRent are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

26. The conduct of CBC and AmRent was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, CBC and AmRent are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMANDED

27. Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

    Respectfully submitted,

    **FRANCIS & MAILMAN, P.C.**

BY:   */s/ James A. Francis*
    JAMES A. FRANCIS
    ERIN A. NOVAK
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600

    ***Attorneys for Plaintiff***

Dated: November 6, 2012